QUESTION: Must voting districts for city elections be contiguous?
SUMMARY: Voting districts in city elections need not be contiguous unless required by the city charter. Noncontiguous districts or districts which are not compact, however, may indicate a closer review is necessary to determine whether the plan meets constitutional standards which require that districts contain substantially equal numbers of voters and not be designed so as to minimize the voting strength of a particular group of voters. Contiguous voting districts in city elections are required by neither the Florida Constitution nor the United States Constitution. However, contiguous districts may be required by the city charter. Even if not required, contiguous districts are preferable to noncontiguous districts. Noncontiguous districts are open to challenge on the grounds that such districts were designed to minimize the access to the political process of a particular group of voters. See Zimmer v. McKeithen, 485 F.2d 1297 (5th Cir. 1973). It should be noted that, whether city voting districts are contiguous or noncontiguous, they must contain substantially equal numbers of voters or citizens. Cousins v. City Council of Chicago,466 F.2d 830 (7th Cir. 1972). Reference is hereby made to the discussion of the constitutional questions, both state and federal, as well as the limitation of my opinion as it regards your plan, contained in AGO 074-359. A recent decision in our circuit set forth a two-pronged proposition which is inherent in the concept of fair representation: . . . first, that in apportionment schemes, one man's vote should equal another man's vote as nearly as practicable; and second, that assuming substantial equality, the scheme must not operate to minimize or cancel out the voting strength of racial or political elements of the voting population. [Zimmer v. McKeithen, supra.] The basis for the one person, one vote proposition is founded upon the general principle of population equality. Reynolds v. Sims, 377 U.S. 533, (1964). Mathematical exactness or precision in population equality is not required, and with respect to local governmental entities, the United States Supreme Court has stated that "viable local governments may need considerable flexibility in municipal arrangements if they are to meet changing societal needs." Abate v. Mundt, 29 L.Ed.2d 399, (1971). Furthermore, the court stated that "the particular circumstances and needs of a local community as a whole may sometimes justify departures from strict equality." [See] 29 L.Ed.2d at 403. This does not mean that a local government, when redistricting, may overlook the equal protection test that districts in reapportioning must be "as nearly of equal population as is practicable." Redistricting Plan No. 3 at first glance has the appearance of political gerrymandering — discriminatory districting which operates to inflate unduly the political strength of one ground and deflate that of another. However, appearances are not enough to invalidate a plan. In Newbold v. Osser, 230 A.2d 54 (Pa. 1967), the Pennsylvania Supreme Court was faced with a problem somewhat similar to the situation faced by your city. In upholding the validity of an ordinance redistricting in the City of Philadelphia, the court stated that: . . . gerrymandering per se, as distinct from a departure from explicit constitutional or statutory requirements of compactness or contiguity, may not constitute the sole basis upon which a legislative plan of apportionment may be judicially invalidated. [Id. at 60.] It is advised that your redistricting plan does not appear to minimize or cancel out the voting strength of racial or identifiable political elements of the voting population. Problems of contiguity or compactness come into play only when evidence that the district lines drawn by a city council operate to dilute the votes or voting strength of a group. See Cousins v. City Council of City of Chicago, supra. An additional question of compactness is raised by noncontiguous districts. Should the city charter require that the districts be compact, or reasonably compact, then, of course, contiguous districts are required. There is no state or federal constitutional decision mandating compactness, although the subject has been addressed by the courts with an approach which leaves the door open for further debate.